2013 IL App (1st) 100866-B

FIFTH DIVISION
JANUARY 31, 2014

No. 1-10-0866

|  |  |  |
|---|---|---|
| *In re* OMAR M., a Minor | ) | Appeal from the |
|  | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Cook County. |
| Plaintiff-Appellee, | ) |  |
|  | ) | No. 08 LJ 155 |
| v. | ) |  |
|  | ) | Honorable |
| Omar M., | ) | Patricia Mendoza, |
| Respondent-Appellant). | ) | Judge Presiding. |
|  | ) |  |

PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.
Justices Lampkin and Palmer concurred in the judgment and opinion.

**OPINION**

¶ 1      Respondent Omar M. was prosecuted, convicted, and sentenced under section 5-810 of

the Juvenile Court Act of 1987 (705 ILCS 405/5-810 (West 2008)), the extended jurisdiction

juvenile prosecutions (EJJ prosecution) statute, for first-degree murder, receiving the maximum

juvenile sentence of incarceration until his twenty-first birthday and a 20-year stayed adult

sentence.  On appeal, respondent claimed: (1) that the State's proffer of evidence for the EJJ

prosecution designation was "untrue" because two of the State's four eyewitnesses failed to

appear at trial; (2) that the EJJ prosecution statute violates a juvenile respondent's right to due

process because the EJJ prosecution designation is decided by a judge by a preponderance of the

evidence instead of by a jury beyond a reasonable doubt; and (3) that the EJJ prosecution statute

is unconstitutionally vague.  We did not find respondent's arguments persuasive, and we

affirmed.  *In re Omar M.*, 2012 IL App (1st) 100866, ¶ 2.

¶ 2    The supreme court subsequently entered a supervisory order directing us to vacate our judgment and reconsider in light of *In re M.I.*, 2013 IL 113776, to determine whether a different result is warranted. *In re Omar M.*, No. 115015 (Ill. 2013). After considering the supreme court's decision in *M.I.*, our conclusion remains the same, and we continue to affirm.

¶ 3                                        ANALYSIS

¶ 4    In *M.I.*, the supreme court considered three issues concerning EJJ prosecutions: (1) whether the statutory requirement to hold a hearing within 60 days of the filing of an EJJ motion is mandatory, and the failure to hold such a hearing renders the respondent's adult sentence void; (2) whether the EJJ statute is unconstitutionally vague because it does not specify what conduct results in the revocation of the stay on the adult sentence; and (3) whether the EJJ statute violates the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that the United States Constitution guarantees that all sentencing enhancements be proven beyond a reasonable doubt. *M.I.*, 2013 IL 113776, ¶ 1. Since the second and third issues were also raised in the instant case, we discuss the supreme court's treatment of them here and consider whether they change the outcome in the instant case.

¶ 5                                I. Vagueness Challenge

¶ 6    First, concerning the respondent's vagueness challenge, the *M.I.* court determined that the respondent lacked standing. *M.I.*, 2013 IL 113776, ¶ 36. The court noted that the State had filed a petition to revoke the stay of the adult sentence and, "[t]hus, we need not decide whether the filing of a petition to revoke is necessary in every case for a juvenile to have standing to challenge the constitutionality of section 5-810(6) of the EJJ statute." *M.I.*, 2013 IL 113776,

¶ 33. The court also concluded that it had no need to determine whether the granting of the petition was necessary for standing, since in the case before it, the respondent would lack standing even if the petition to revoke had been granted. *M.I.*, 2013 IL 113776, ¶ 33.

¶ 7 The *M.I.* court noted that the petition to revoke the stay was based on the respondent's commission of a new felony offense and did not concern the violation of any conditions of his juvenile term. *M.I.*, 2013 IL 113776, ¶ 34. Thus, "if the basis for the respondent's challenge to the statute's constitutionality does not pertain to the basis for the revocation of the adult sentence contained in the actual petition, respondent will not have standing." *M.I.*, 2013 IL 113776, ¶ 34. The court noted that the respondent only argued that the term " 'conditions' " was vague and did not argue that the phrase " 'new offense' " was vague and so did not have standing since the basis for the constitutional challenge did not pertain to the basis for revocation of the stayed adult sentence. *M.I.*, 2013 IL 113776, ¶ 36. The court concluded, "We make no determination today whether a petition to revoke the stay must be granted or even filed to trigger standing, because respondent has made no showing that the alleged constitutional infirmity, the vagueness of the term 'conditions,' pertains to the part of the statute that affects him." *M.I.*, 2013 IL 113776, ¶ 36.

¶ 8 We do not find that the supreme court's decision in *M.I.* changes our conclusion in the instant case. In the case at bar, no petition to revoke respondent's stayed adult sentence has been filed (*Omar M.*, 2012 IL App (1st) 100866, ¶ 71) and, as noted, the *M.I.* court twice specifically noted that it was not determining whether such a petition was necessary to confer standing (*M.I.*, 2013 IL 113776, ¶¶ 33, 36). Thus, the supreme court expressly declined to consider the issue present in the instant case. Additionally, in the case at bar, respondent argued that both the terms

3

"conditions" and "offense" were unconstitutionally vague (*Omar M.*, 2012 IL App (1st) 100866, ¶ 83), meaning that respondent challenged both ways that his stay could be revoked. See *M.I.*, 2013 IL 113776, ¶ 36 ("The EJJ statute allows for two ways in which the stay of the adult sentence may be revoked: when the convicted minor 'violate[s] the conditions of his or her sentence, *or* is alleged to have committed a new offense.' (Emphasis added.)" (quoting 705 ILCS 405/5-810(6) (West 2010))). This distinguishes the instant case from *M.I.*, where the respondent's petition to revoke named one basis for revocation but the respondent's constitutional challenge pertained to the other basis for revocation. *M.I.*, 2013 IL 113776, ¶ 36. Thus, since the supreme court expressly did not consider the issue in the case at bar, and since respondent's arguments here challenge both grounds for revocation, we do not find that the supreme court's decision in *M.I.* changes our analysis concerning respondent's standing in the instant case.

¶ 9                               II. *Apprendi* Violation

¶ 10    The *M.I.* court also considered whether the EJJ prosecution statute was an unconstitutional violation of *Apprendi* because the facts that qualify a juvenile for EJJ prosecution are not required to be proved beyond a reasonable doubt. *M.I.*, 2013 IL 113776, ¶ 38. The court concluded that *Apprendi* did not apply to the EJJ statute and that, even if it did, there would be no violation. *M.I.*, 2013 IL 113776, ¶ 48.

¶ 11    In its analysis, the supreme court cited our decision in *Omar M.* several times approvingly. See *M.I.*, 2013 IL 113776, ¶¶ 43, 44, 46. It noted that the appellate court had been uniform in holding that the EJJ statute did not violate *Apprendi* because "the EJJ statute was not

4

an adjudicatory statute, but rather a *dispositional* one, in that 'it does not determine a respondent's guilt or the specific sentence.' " (Emphasis in original.) *M.I.*, 2013 IL 113776, ¶ 43 (quoting *Omar M.*, 2012 IL App (1st) 100866, ¶ 59). The court "agree[d] with the reasoning put forth by our appellate court," finding that "[n]othing in the EJJ statute runs afoul of *Apprendi*." *M.I.*, 2013 IL 113776, ¶ 44.

¶ 12    Additionally, the *M.I.* court found that even if *Apprendi* applied, there would be no violation because "for the purposes of *Apprendi*, the statutory maximum is not the juvenile sentence under the Juvenile Court Act, but rather the maximum sentence allowed by the offense committed." *M.I.*, 2013 IL 113776, ¶ 46 (citing *Omar M.*, 2012 IL App (1st) 100866, ¶ 63).

¶ 13    Thus, since the supreme court's analysis of the *Apprendi* issue cited the instant case approvingly and contained similar reasoning, we cannot find that the supreme court's decision changes the outcome in the case at bar.

¶ 14                                    CONCLUSION

¶ 15    After reconsidering our decision in *Omar M.* in light of the supreme court's recent decision in *M.I.*, we determine that a different result is not warranted and continue to affirm respondent's conviction and sentence.

¶ 16    Affirmed.